IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY W BROOM,

    Petitioner,

v.                                               CASE NO. 4:16-cv-774-WS-GRJ

SECRETARY, FLA. DEP'T
OF CORRECTIONS,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this case on December 10, 2016, by filing ECF No. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]

    In the petition, Petitioner challenges his 1981 Polk County conviction for second degree murder. Petitioner, a state prisoner incarcerated at Wakulla Correctional Institution, represents that he filed numerous motions

---

[1] Because Petitioner is an inmate in the custody of the Florida Department of Corrections (DOC), the Secretary of the DOC is the state officer who has custody of Petitioner, and therefore the Secretary is properly named by her official title as the Respondent in this case, rather than the Warden or the State of Florida. *See* Fed. R. Civ. P. 17(d); Rule 2, Rules Governing Habeas Corpus Petitions under § 2254. The **Clerk** is directed to correct the docket accordingly.

[2] Under the mailbox rule, a *pro se* prisoner's petition is filed on the date it is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

and petitions since his conviction, including a habeas petition in the Eleventh Circuit, as well as other documents in federal court.

There are several problems with Petitioner's petition. For starters, in addition to not filing his petition on the court-approved form, Petitioner challenges his conviction imposed in Polk County, Florida, within the Tampa Division of the Middle District of Florida. Jurisdiction is therefore appropriate either in the Tallahassee Division of the Northern District of Florida or the Tampa Division of the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this case to the Middle District would be appropriate. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Parker v. Singletary*, 974 F.2d 1562, 1582, n.118 (11th Cir. 1992).

While transfer would normally be appropriate in this case, there is no need to do so because the instant petition is a successive § 2254 petition based on the same conviction and sentence Petitioner challenged in at least two prior petitions. *See Anthony Broom v. Florida*, No. 8:01-cv-1457-SCB, ECF Nos. 10–11 (M.D. Fla. Apr. 4, 2002) (dismissing § 2254 petition

as untimely); *Anthony Broom v. Florida*, No. 8:08-cv-1198-RAL-TGW, ECF Nos. 3–4 (M.D. Fla. June 23, 2008) (dismissing § 2254 petition as successive and untimely). As further reflected in the Middle District's order dismissing Petitioner's § 2254 petition in 2008, it also appears that Petitioner filed another federal habeas corpus action in 1983 challenging the same state court conviction and sentence. *See Broom*, No. 8:08-cv-1198-RAL-TGW, ECF No. 3 (citing case number 8:83-cv-135-T-13TGW).

In order to file a second or successive § 2254 petition a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). Thus, Petitioner must first obtain authorization from the Eleventh Circuit prior to filing his petition in this Court.

A review of the Eleventh Circuit Court of Appeals Docket discloses that Petitioner has not obtained authorization from the Eleventh Circuit to file a successive § 2254 petition. Instead, the Eleventh Circuit docket reflects that the Eleventh Circuit denied Petitioner's application to file a successive § 2254 petition based on the same conviction and sentence six different times. *See In re: Anthony Broom*, No. 13-11304, Doc. 2 (11th Cir. Apr. 11, 2013); *In re: Anthony Broom*, No. 13-13231, Doc. 2 (11th Cir. July 31, 2013); *In re: Anthony Broom*, No. 13-14310, Doc. 2 (11th Cir. Oct. 1, 2013); *In re: Anthony Broom*, No. 13-14693-C, Doc. 2 (11th Cir. Nov. 13, 2013); *In re: Anthony Broom*, No. 14-12194, Doc. 2 (11th Cir. June 4, 2014); *In re: Anthony W. Broom*, No. 14-13071-E, Doc. 2 (11th Cir. July 21, 2014). Consequently, there is no dispute that Petitioner has not obtained the requisite authorization from the Eleventh Circuit for this Court to consider his successive petition.

Accordingly, the petition is due to be dismissed because the Court lacks jurisdiction. *See McCallum v. McDonough*, 257 F. App'x 157, 159 (11th Cir. 2007) (reiterating that a district court lacks jurisdiction under the Antiterrorism and Effective Death Penalty Act (AEDPA) to consider a second or successive habeas petition that has not been previously

authorized to be filed by an appellate court pursuant to § 2244(b)(3)(A)) (citing *Hill v. Hooper*, 112 F.2d 1088, 1089 (11th Cir. 1997)).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** and that all pending motions should be **TERMINATED**.

**IN CHAMBERS** this 15th day of December, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.